**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**SANDRA ANNE VALENTINE,**

    **Plaintiff,**

**vs.**                                                         **Case No. 4:14cv68-RH/CAS**

**DEPARTMENT OF HOMELAND
SECURITY, and TRANSPORT.
SECURITY ADMINISTRATION,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

       This case was transferred to this Court by the United States District Court, Middle District of Florida in February 2014 because Plaintiff resided in Tallahassee.  *See* doc. 3.  Thereafter, the pro se Plaintiff was granted in forma pauperis status, docs. 7-8, and service of Plaintiff's amended complaint, doc. 10, was directed.  Doc. 11.  Defendant has now filed a motion to transfer the case back to the Middle District of Florida.  Doc. 14.  Defendant argues there is insufficient factual foundation to proceed in the Northern District of Florida, advising that the Tallahassee address used by Plaintiff "is actually a fictitious address provided to the Plaintiff by Florida's Address Confidentiality Program for victims of domestic violence."  *Id.* at 1-2.

Because it was not clear from the allegations in the amended complaint where the events about which Plaintiff complains took place, an Order was entered requiring Plaintiff to file a response to the motion to transfer.  Doc. 15.  Plaintiff was simultaneously advised that "a civil action brought against an agency of the United States may be brought in any judicial district (1) a defendant resides; (2), a 'substantial part of the events or omissions giving rise to the claim occurred,' or (3), if real property is not involved, where the plaintiff resides."  *Id.*, citing 28 U.S.C. § 1391(e)(1).  If Plaintiff believed this case should continue in the Northern District of Florida, Plaintiff was required to demonstrate one of the above criteria.  *Id.*  Plaintiff was informed that if she did not object to the motion, the case may be transferred to the Middle District.  *Id.*  Plaintiff did not respond to the Order, doc. 15, or the motion to transfer, doc. 14.  Thus, because it appears undisputed that this case should proceed in the Middle District of Florida, the motion to transfer should be granted.

Finally, Defendant filed for a motion of time in which to respond to Plaintiff's amended complaint.  Doc. 16.  Defendant requests no specific date on which to file a response but requests an extending "pending the resolution of the motion to transfer."  *Id.* at 2.  The motion should be **Granted** and Defendant given fourteen days from the date this Report and Recommendation is adopted to file a response to Plaintiff's amended complaint.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's unopposed motion to transfer, doc. 14, be **GRANTED** and this case be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Orlando Division, for all further proceedings.  It is further **RECOMMENDED** that

Defendant's motion for an extension of time, doc. 16, be **GRANTED** and Defendant have fourteen days from the date the Order adopting this Report and Recommendation is entered on the docket in which to file a response to Plaintiff's amended complaint.

**IN CHAMBERS** at Tallahassee, Florida, on July 14, 2014.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**